UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA PICKETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC. dba FRESENIUS MEDICAL CARE, a Delaware corporation; CHRISTIAN ALONZO, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 25-cv-2574-BJC-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 9]** |

Before the Court is Ariana Pickett's ("Plaintiff") motion to remand for lack of subject matter jurisdiction against defendants Bio-Medical Applications of California, Inc. dba Fresenius Medical Care ("BMA") and Christian Alonzo ("Alonzo"). For the reasons set forth herein, the Court **DENIES** Plaintiff's motion to remand.

1

25-cv-2574-BJC-AHG

## I.     BACKGROUND[1]

The instant action arises from Plaintiff's employment with BMA.  Plaintiff worked as a Patient Care Technician from June 24, 2024, to November 1, 2024.  ECF No. 1-3, Ex. A ("Compl.") ¶ 12, ¶ 23.  Plaintiff alleges that during her employment, she was subjected to sexual harassment by coworkers, including Defendant Alonzo.  *Id*. ¶ 14-15.  Plaintiff reports that she disclosed the harassment to management, but she was subjected to retaliation and terminated by Defendant BMA.  *Id*. ¶ 17-24.

On August 25, 2025, Plaintiff initiated this action by filing a complaint in the Superior Court of California, County of San Diego.  *See* Compl.  The Complaint contains five causes of action: (1) sexual harassment (Gov. Code § 12940, subd. (j)); (2) wrongful termination in violation of public policy; (3) failure to prevent harassment (Gov. Code § 12940, subd. (k)); (4) retaliation in violation of FEHA (Gov. Code § 12940, subd. (h)); and (5) retaliation for reporting sexual harassment (Lab. Code § 1102.5).  *Id*.

On September 29, 2025, BMA filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  ECF No. 1.  On October 29, 2025, Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).  ECF No. 9.  On November 19, 2025, BMA filed a response in opposition, ECF No. 10, and on November 26, 2025, Plaintiff filed her reply.  ECF No. 11.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, "the presumption is that [a federal court] is without jurisdiction unless the contrary affirmatively appears."  *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).  A civil action filed in state court may be removed by the defendant if the district court has original jurisdiction.  28 U.S.C. § 1441(a).

---

[1] Unless otherwise noted, the Court's citations are to the page numbers affixed by the CM/ECF.

25-cv-2574-BJC-AHG

The removal statute is "strictly construe[d] against removal jurisdiction," and the defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal subject matter jurisdiction may arise under either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332(a). For diversity jurisdiction to exist, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs," and the action must be between "citizens of different States." 28 U.S.C. § 1332(a)(1).[2] An action removable under 28 U.S.C § 1332(a) on diversity grounds "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

### III.   DISCUSSION

Plaintiff seeks to remand this case back to state court for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). ECF No. 9. A plaintiff challenging removal jurisdiction may proceed by filing a motion to remand under 28 U.S.C. § 1447(c), the "functional equivalent" of a "motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014); *see Defiore v. Soc. LLC*, 85 F.4th 546, 552 (9th Cir. 2023) (explaining that a "remand motion challenging removal jurisdiction is evaluated the same as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction"). Therefore, the Court treats Plaintiff's motion pursuant to Rule 12(b)(1) as one to remand under 28 U.S.C. § 1447(c) and now considers whether the case was properly removed to federal court.

Plaintiff contends that removal was improper because complete diversity did not exist at the time of removal. ECF 9 at 5. Plaintiff maintains she and Defendant Alonzo are both citizens of California. *Id.* Plaintiff argues the shared citizenship between Plaintiff and Alonzo "destroys" diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Plaintiff also

---

[2] Plaintiff does not allege that the amount in controversy is at issue. *See* ECF No. 9.

3

25-cv-2574-BJC-AHG

argues the Court never had subject matter jurisdiction and should determine diversity by the citizenship of the parties named in the Complaint, not by whether those defendants had been served.  ECF No. 11 at 2-3.

BMA argues removal was proper because Defendant Alonzo was not served at the time of removal, nor at the time Plaintiff filed their motion to remand, and he remained unserved as of the filing of BMA's opposition.[3]  *Id*. at 5.  BMA therefore contends removal was proper because 28 U.S.C. § 1441(b)(2) bars removal only when a forum defendant has been properly joined and served.  *Id*.

In assessing whether removal was proper, the Court looks to the "circumstances at the time the notice of removal is filed."  *Spencer v. United States Dist. Court*, 393 F.3d 867, 871 (9th Cir. 2004).  Where removal is based on diversity jurisdiction, § 1441(b)(2) bars removal only if a defendant who is a citizen of the forum state has been "properly joined *and served*."  28 U.S.C. § 1441(b)(2) (emphasis added).  The inquiry under § 1441(b)(2) therefore turns on the status of the forum defendant at the time the notice of removal was filed.

To determine whether diversity of citizenship is proper under 28 U.S.C. § 1332, the Court examines the citizenship of all defendants who were properly joined and served at the time of removal.  A natural person's citizenship is determined by his or her state of domicile, not residence.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center," that is, "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).[4]

---

[3] As of the date of this Order, Alonzo still has not been served.  *See generally* Docket.

[4] The parties do not dispute that Plaintiff and Defendant BMA are citizens of different states.  *See* ECF Nos. 1, 9, 10, 11.

25-cv-2574-BJC-AHG

Here, Plaintiff and Defendant Alonzo are indeed citizens of the state of California. However, Defendant Alonzo had not been served when BMA filed the notice of removal on September 29, 2025.  ECF No. 1.  As a result, the Court finds that, § 1441(b)(2) did not bar removal of the case to federal court.  Because Defendant Alonzo was not served at time of removal, BMA's removal of the case to federal court was proper.  *See  Campbell v. CubeSmart, L.P.*, 2025 WL 251429 (S.D. Cal. Jan. 21, 2025) (holding that § 1441(b)(2) did not bar removal because the forum defendants had not been served at the time of removal);  *see also Allen v. Eli Lilly & Co.*, 2010 WL 3489366, at \*2 (S.D. Cal. Sept. 2, 2010) ("The forum defendant rule is inapplicable if the removal is effected by an out-of-state defendant before any local defendant is served.").

For the foregoing reasons, the Court concludes that BMA has shown that removal was proper under § 1441(b)(2).  Accordingly, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated:  July 6, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

5

25-cv-2574-BJC-AHG